**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-7516

CLIFFORD THOMPSON,

                Petitioner - Appellant,

        v.

JON OZMINT, South Carolina Department of Corrections;
WARDEN, BROAD RIVER CORRECTIONAL INSTITUTION,

                Respondents - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Henry M. Herlong, Jr., Senior
District Judge.  (3:08-cv-02794-HMH)

Submitted:  June 18, 2010          Decided:  August 5, 2010

Before KING and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Clifford Thompson, Appellant Pro Se. Donald John Zelenka, Deputy
Assistant Attorney General, Columbia, South Carolina, for
Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clifford Thompson, a South Carolina prisoner, appeals from the district court's order adopting the report and recommendation of the magistrate judge and denying his 28 U.S.C. § 2254 (2006) petition. We previously granted a certificate of appealability on the following issues: (1) whether the trial court's lack of jurisdiction over two counts of conviction resolved by Thompson's plea agreement rendered the plea agreement involuntary, and (2) whether trial counsel was ineffective for negotiating and recommending said plea agreement. After reviewing the subsequent briefing, we vacate the portion of the district court's order resolving these issues and remand for further proceedings.

The State contends that these issues are procedurally defaulted due to Thompson's failure to raise the claims in state court. Procedural default occurs when a habeas petitioner fails to exhaust his state remedies and the state court would now find the claims procedurally barred. Mickens v. Taylor, 240 F.3d 348, 356 (4th Cir. 2001). When a procedural default occurs, federal review is barred unless the petitioner can show cause for his default and resulting prejudice, or actual innocence. Harris v. Reed, 489 U.S. 255, 262 (1989). The petitioner may also avoid the procedural bar by "prov[ing] that failure to consider the claims will result in a fundamental miscarriage of

2

justice." Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir.), cert. denied, 129 S. Ct. 162 (2008). In general, in South Carolina, "absent sufficient reason for not raising a claim in a first [post-conviction relief ("PCR")] application or very rare procedural circumstances, [S.C. Code Ann.] § 17-27-90 [Rev. 2003] bars the claim in a successive application." Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir. 1997).

Here, Thompson's counsel did not raise these claims in his initial PCR application. However, liberally construing his pleadings, Thompson did raise the claims in his pro se petition for relief to the Supreme Court of South Carolina, as well as in his § 2254 petition and his objections to the magistrate judge's report in district court. Nonetheless, neither the state court, magistrate judge, nor district court explicitly ruled on either Thompson's potential default or the merits of the claims. Further, because the State did not raise the default issue earlier, Thompson has not had an opportunity to show cause and prejudice or a miscarriage of justice.

Accordingly, while we express no opinion on the procedural or substantive validity of Thompson's claims, we grant leave to proceed in forma pauperis and vacate the portion of the district court's order dismissing these claims and remand for a ruling on whether the specified claims are procedurally defaulted and, if not, the merits of Thompson's claims. We deny

3

Thompson's motions for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED